IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY ALLEN SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2481 |
| | : | |
| THE UNITED STATES OF AMERICA | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **October 23, 2024**

Pro se Plaintiff Wesley Allen Smith brings this Federal Torts Claim Act ("FTCA") suit for loss of his eyesight after receiving surgeries from a United States Department of Veteran Affairs (the "VA") hospital. After his initial complaint was dismissed without prejudice for failure to timely exhaust his administrative remedies under the FTCA, Smith filed an amended complaint. Defendant United States moved to dismiss the amended complaint for failure to state a claim. Because Smith fails to plead facts showing he timely exhausted his administrative remedies or is entitled to equitable tolling of the FTCA's statute of limitations, the motion is granted.

**BACKGROUND**

On February 22, 2015, and March 19, 2015, Plaintiff Wesley Allen Smith underwent two eye surgeries at the Philadelphia Veterans Affairs Medical Center ("PVAMC"). Compl., ECF No. 1 at 3. The surgeries resulted in Smith losing his vision. *Id*. Smith subsequently filed an administrative claim form with the VA on October 4, 2016. Mot. Dismiss Compl. Ex. B, ECF No. 12 at 22 (ECF Pagination). In the section of the form instructing claimants to write the total amount of the claim in dollars, Smith wrote the word "yes." *Id.* The next day, the VA sent a letter to Smith explaining he had failed to submit a valid administrative claim because the claim form did not include a sum certain. Mot. Dismiss Compl. Ex. C, ECF No. 12 at 26. The VA included a copy of his claim form and asked him to insert an exact dollar amount where required and return the form

to the VA as soon as possible. *Id.* The letter explained the importance of returning the completed claim form promptly to prevent the two-year statute of limitations from barring the claim. *Id.*

On May 20, 2022, nearly six years later, Smith submitted a new administrative claim form with the VA for the same eye injury and indicated a sum certain. *See* Compl. Exs., ECF No. 1-1 at 1; *see also* Mot. Dismiss Compl. Ex. D, ECF No. 12 at 29-30. On January 3, 2023, the VA denied the claim because Smith presented it more than two years after the 2015 eye surgeries. *See* Compl. Exs., ECF No. 1-1 at 1. Smith subsequently requested reconsideration of the denial. Mot. Dismiss Compl. Ex. E, ECF No. 12 at 32. On April 5, 2023, the VA denied the claim again. *Id*. at 34.

Smith filed the initial complaint on June 26, 2023, against the PVAMC and the doctor who performed the surgery. Compl., ECF No. 1 at 2-3. The United States was substituted as the sole defendant and moved to dismiss Smith's complaint for failure to timely exhaust administrative remedies under the FTCA. Mot. Dismiss Compl., ECF No 12 at 3. This Court granted the motion and dismissed the case without prejudice to allow Smith to file an amended complaint pleading timely exhaustion of administrative remedies or a "good reason for failing to do so." Order, May 31, 2024, ECF No. 19. On September 2, 2024, Smith filed an Amended Complaint against the United States. Am. Compl., ECF No. 29. The United States now moves to dismiss the Amended Complaint for failure to plead facts showing timely exhaustion of administrative remedies or a good reason for equitable tolling of the statute of limitations. Mot. Dismiss Am. Compl., ECF No. 30 at 4-5 (ECF Pagination).

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court must assume the truth of all well-pleaded factual allegations, construe the facts and the reasonable inferences therefrom "in a light most favorable to the [the plaintiff,]" and "determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Labs., LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

In evaluating a motion to dismiss, a court may consider not only the complaint and exhibits attached thereto but also "matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Thus, where exhaustion is raised as an affirmative defense in a Rule 12 motion, a court may consider administrative claim documents which are undisputedly authentic without converting the motion into one for summary judgment. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). Finally, the Court must construe pro se filings liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

**DISCUSSION**

The FTCA governs claims for personal injury "caused by the negligent or wrongful act . . . of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). To bring a claim under the FTCA, a plaintiff must first exhaust his administrative remedies. 28 U.S.C. § 2675(a). To exhaust the claim in this case, Smith was required to: (1) adequately "present" his claim to the VA; (2) within two years after the claim accrued; and (3) allow the VA six months to process the claim. *See id*. To adequately "present" his personal injury claim, Smith was required to notify the VA of the incident in writing and include a "claim for money damages in a sum certain." 28 C.F.R. 14.2(a); *see Bialowas v. United*

*States*, 443 F.2d 1047, 1049 (3d Cir. 1971). If a plaintiff fails to timely exhaust his administrative remedies, courts may equitably toll the FTCA's limitations period for good reason. *United States v. Wong*, 575 U.S. 402, 420 (2015). "Tolling is [an] extraordinary remedy and is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair." *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (internal quotation marks and citation omitted). A plaintiff must show he has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances" for a court to consider tolling the FTCA's statute of limitations. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)).

Smith fails to meet these requirements. His initial claim form was inadequate because it did not include a specific amount of money damages as required by the FTCA. Smith has not alleged he resubmitted a new form by the two-year deadline or even responded to the letter. Rather, Smith alleges he submitted a new form for the same claim on May 20, 2022, more than five years after the deadline. Further, Smith does not allege with any factual specificity that he is entitled to equitable tolling of the FTCA statute of limitations. Accordingly, the motion is granted, and the amended complaint is dismissed with prejudice.

**CONCLUSION**

In sum, Smith has failed to plead facts showing he timely exhausted his remedies under the FTCA or is entitled to equitable tolling of the FTCA's statute of limitations. The Court will grant Defendant's motion to dismiss the claim with prejudice.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.